IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT SMITH,<br><br>                   Plaintiff,<br><br>    vs.<br><br>H.C.F. MEDICAL UNIT D.P.S., et al.,<br><br>                   Defendants. | CIVIL NO. 19-00600 JAO-KJM<br><br>**ORDER DISMISSING ACTION** |

**ORDER DISMISSING ACTION**

Plaintiff Scott Smith ("Plaintiff") commenced this action on October 30, 2019. On February 13, 2020, the Court issued an ORDER DENYING PLAINTIFF'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND. ECF No. 45. The Court dismissed the action because Plaintiff failed to state a claim upon which relief could be granted. *See id.* The Court granted Plaintiff leave to file an amended complaint by March 16, 2020. *See id.* On March 3, 2020, the Court extended the deadline for Plaintiff to file an amended complaint until March 30, 2020. ECF No. 54. And on March 27, 2020, the Court again extended the deadline for Plaintiff to file an amended complaint until June 1, 2020. ECF No. 57.

To date, Plaintiff has not filed an amended complaint.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  Fed. R. Civ. P. 41(b).

To date, Plaintiff has not filed an amended complaint.  Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure 41(b) authorizes the Court to sua sponte dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  Fed. R. Civ. P. 41(b).

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se, he is not exempt from complying with all applicable rules.  Local Rule 81.1(a) ("Pro se litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

In view of Plaintiff's violation of the Court's Order, and failure to prosecute, the Court finds that the *Pagtalunan* factors support dismissal of this action.  The

public's interest in expeditious resolution of this litigation strongly favors dismissal, *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted), as does the Court's need to manage its docket.  *Id.* (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants.  Finally, there are currently no less drastic alternatives available.  This case cannot proceed without an operative pleading.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## **CONCLUSION**

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, June 10, 2020.



Jill A. Otake
United States District Judge

Civil No. 19-00600 JAO-KJM, *Smith v. H.C.F. Medical Unit D.P.S., et al.*, ORDER DISMISSING ACTION